21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jairo Augusto PLAZAS-MARTINEZ, Defendant-Appellant.
 No. 92-50452.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1994.*
Decided March 28, 1994.
 
 Before: PREGERSON, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jairo Plazas-Martinez appeals his jury conviction for possession with intent to distribute and distribution of cocaine. 21 U.S.C. Sec. 841(a)(1) (1988). We affirm.
 
 I. Sufficiency of the Evidence
 
 3
 We will uphold Plazas' conviction against a challenge for insufficiency of the evidence, if, upon viewing the evidence in the light most favorable to the government, we determine that a reasonable jury could have found him guilty beyond a reasonable doubt of each essential element of the offense charged. United States v. Smith, 962 F.2d 923, 928 (9th Cir.1992); United States v. Castillo, 866 F.2d 1071, 1086 (9th Cir.1988). Plazas challenges the sufficiency of the evidence as to only one element of one of the offenses with which he was charged. He argues that the evidence does not support the conclusion that he "possessed" the cocaine that was delivered to Calderon.
 
 
 4
 To sustain a conviction for possession of cocaine with the intent to distribute, the government was required to prove that Plazas possessed, or had dominion and control over, the cocaine. Id.; United States v. Batimana, 623 F.2d 1366, 1369 (9th Cir.), cert. denied, 449 U.S. 1038, 101 S.Ct. 617, 66 L.Ed.2d 500 (1980); see also United States v. Barnett, 468 F.2d 1153, 1155 (9th Cir.1972) ("a finding of [constructive] possession turns upon whether [o]ne [has] a working relationship or a sufficient association with those having physical custody of the drugs so as to enable him to assure their production, without difficulty, to a customer") (internal quotations and citation omitted). It did.
 
 
 5
 Calderon testified that he and Plazas had several conversations and meetings in which they arranged a drug deal. Plazas set the price and the manner in which the deal would be executed. He told Calderon that he would take the latter's car and that it would be returned to him the following morning loaded with cocaine. The following morning, Plazas took Calderon to the car, which was loaded with cocaine, pointed it out to him, said that someone was watching to see that the deal went as planned, and added that if Calderon could get back quickly they could do another deal right away. That was enough.
 
 II. The Government's Closing Argument
 
 6
 During his testimony, Calderon testified that, at the meeting in the parking lot, Plazas said only, "there is your car." He did not testify that Plazas said that there was "trabajo" (or cocaine) in the trunk. During closing argument, the prosecutor said that Calderon had testified that Plazas told him, at the parking lot, that the trunk of the car was loaded with "trabajo." Defense counsel did not object to the closing argument. Plazas now argues that this closing argument was improper and that his conviction must be reversed because the argument tainted the verdict and deprived him of a fair trial.
 
 
 7
 Prosecutorial comments to which defendant objects are reviewed for "harmless error," while the standard of review for comments to which defendant fails to object is "plain error." United States v. Young, 470 U.S. 1, 13 n. 10, 14-15, 105 S.Ct. 1038, 1045 n. 10, 1046, 84 L.Ed.2d 1 (1985); United States v. Endicott, 803 F.2d 506, 513 (9th Cir.1986). The inquiry is whether the prosecutor's allegedly improper remarks, considered in the context of the entire trial, affected the jury's ability to judge the evidence fairly, tainted the verdict, and deprived Plazas of a fair trial. Id.; Endicott, 803 F.2d at 513. It is obvious that they did not.
 
 
 8
 It is true that Calderon did not testify that Plazas told him that the trunk of his car was loaded with "trabajo," during the meeting in the parking lot. However, he did take Calderon to a car that was supposed to be laden with drugs, did point the car out, did say someone was watching the deal go down, and did offer another deal. That, we think, amounts to the same thing.
 
 
 9
 In any event, this is not a case in which any prosecutorial misconduct resulted in a miscarriage of justice. If there was misconduct, it consisted of five lines of misstatement that reinforced the government's argument concerning an issue (constructive possession) on which the evidence adduced at trial strongly supports the jury's ultimate finding. It certainly was not plain error that requires reversal of Plazas' conviction.
 
 
 10
 Furthermore, the court issued corrective instructions. It admonished the jury that the arguments of counsel were just that: arguments, not evidence. Even where prosecutorial misconduct occurs, curative instructions can preserve the integrity of a trial and resulting verdict. Endicott, 803 F.2d at 513; United States v. McKoy, 771 F.2d 1207, 1213 (9th Cir.1985).
 
 III. Ineffective Assistance of Counsel
 
 11
 Defense counsel may be found ineffective only where the record establishes that his performance fell below standards of professional competence and that his incompetence prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); United States v. Layton, 855 F.2d 1388, 1414 (9th Cir.1988), cert. denied, 489 U.S. 1046, 109 S.Ct. 1178, 103 L.Ed.2d 244 (1989). We have reviewed the record and have determined that Plazas has not shown that his attorney was incompetent. Her failure to object to unobjectionable evidence and to complain about the government's minor slip at argument, see part II, does not show incompetence, nor does anything else in this record. By the same token, any error was so inconsequential that prejudice could not have flowed from it.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3